# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Gladys Luckett,

    Plaintiff,

                            Case No.

                            Hon.

-vs-

MOELLER MANUFACTURING COMPANY, INC,
*a Domestic Profit Corporation*,
DAVE DAVIDSON, in his Official Capacity,
GEOFF BRUCE, in his Official Capacity,
JOHN CHRISMAN, in his Official Capacity,
Jointly and severally,

Defendants.

| | |
|---|---|
| ALEXANDRIA J. TAYLOR (P75271) <br> Taylor Law Firm, PLLC <br> Attorneys for Plaintiff <br> 19 Clifford Street <br> Detroit, MI 48226 <br> Ph:(313) 960-4339 <br> Fx: (313) 422-0934 <br> ataylor@taylawfirm.com | |

## **COMPLAINT AND JURY DEMAND**

    NOW COMES the Plaintiff, GLADYS LUCKETT, through her Attorneys, Alexandria J. Taylor, Taylor Law Firm, PLLC, and states as follows:

# JURISDICTION AND PARTIES

1. This is an action stating a federal cause of action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e et seq. and discrimination pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq. and Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C § 1981.

2. Gladys Luckett (hereinafter "Ms. Luckett" or "Plaintiff") is an individual who is and at all times relevant herein was a resident of the County of Wayne, State of Michigan.

3. Moeller Aerospace ("Moeller" or Defendant") AKA FCA US LLC, is licensed to do business in the state of Michigan having its headquarters in Wixom, Michigan, and having a location within the state of Michigan, County of Emmet, at 8725 Moeller Dr., Harbor Springs, Michigan.

4. Plaintiff is informed and believes that at all times relevant herein, Dave Davidson, Geoff Bruce and John Chrisman were either an owner/supervisor, managerial employee or agent of Defendant Moeller.

5. The claims against the defendants herein are based upon race discrimination (Black) pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981 which prohibits discrimination on the basis of race and further prohibits retaliation for opposing or making charges regarding discrimination.

6. Jurisdiction is conveyed upon this court as the claims arise under the laws of the United States of America pursuant to 28 U.S.C. § 1343

7. Venue is appropriate in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C § 1391 as Plaintiff's residence, and Defendant's business, as well as all events giving rise to this claim occurred within the counties served by this Court.

## FACTS REVELANT TO ALL COUNTS

8. Plaintiff is an African American woman.

9. At all times during the events listed, Plaintiff was one of the few employees of African American race at the Harbor Springs facility.

10. Plaintiff was hired into the company as a Quality Manager on March 18, 2019.

11. Shortly after being hired, Plaintiff was tasked with hiring quality engineers in order to eliminate various defects that produced nonconforming parts at the company.

12. As expected, Plaintiff had high expectations for her interviewees, and after interviewing one potential employee, she decided to not hire him. This was met with significant pushback from management, who told her that she just needed to "get bodies in" and it did not matter if those that she hired only had 50% of the necessary qualifications.

13. Consequently, Ms. Luckett experienced significant pushback from management, specifically Mr. Dave Davidson, who continuously violated company policy and expected her to do the same.

14. Specifically, Ms. Luckett noticed that re-working was being performed at the direction of Mr. Davidson without any documentation for traceability purposes.

15. At a quality meeting on May 7, 2019, Ms. Luckett expressed her concerns regarding the re-working documentation process. Mr. Kline, Wixom Quality Manager, agreed with her that not documenting re-work violates FAA regulations and customer specifications.

16. In order to alleviate these issues, Ms. Luckett directed Staff Analyst Amelia Adams to create a re-working process that included instructions on required documentation on re-work on any parts that did not meet engineering specifications. Ms. Luckett approved this process when it was done, and it was then sent to Mr. Davidson for approval, who informed Ms. Adams that he would approve the process, however when Ms. Adams left the company at the end of the month, he intended to immediately cancel the process.

17. Clearly, Mr. Davidson thwarted each and every attempt that Ms. Luckett made to do the job she was hired to do.

18. On May 28, 2019, Ms. Luckett was terminated during a meeting in Mr. Davidson's office, with Human Resources representatives present. She was told

that the reason for her termination was "for shipping out parts that were not inspected".

19. It is clear that the company simply wanted to continue violating regulations in the name of laziness, rather than actually allow Ms. Luckett to do her job.

20. Furthermore, after her termination the company treated Ms. Luckett like a criminal. Though she remained composed the entire time, John Chrisman escorted her out of the building.

21. Though the reason for Ms. Luckett's termination was "shipping out uninspected parts", shift supervisor Darlene Goebel confirmed in a text message that all parts were visually inspected, and hard-checks and impressions were conducted by the team.

22. Prior to her termination, Ms. Luckett had no problems and had never been written up or been given so much as a verbal warning regarding her job performance.

23. Simply put, the company retaliated against Ms. Luckett by firing her for attempting to improve regulations that they were clearly violating state and federal laws and regulations. To add insult to injury, they proceeded to treat her like a criminal after they terminated her.

<h2 style="text-align:center"><u>COUNT I</u><br><u>RETALIATION</u><br><u>ALL DEFENDANTS</u></h2>

24. Plaintiff repeats and realleges the preceding allegations contained in the above paragraphs and incorporates the same by reference as though set forth fully herein.

25. Defendant engaged in a pattern and practice of unlawful retaliatory discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended and/or the Michigan Elliott/Larsen Civil Rights Act, MCL 37.2101 et seq.

26. Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described above.

27. Defendants retaliated against Plaintiff for attempting to put a stop to the continuous violation of FAA regulations, customer specifications and company policy regarding the re-working process of production parts, in violation of Title VII.

28. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

29. Defendants failed to take all reasonable steps to prevent the retaliation from occurring.

30. Defendants failed to adequately supervise, control, or discipline and/or otherwise penalize the conduct, and acts.

As a direct and proximate result of defendants' actions of retaliation, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; Plaintiff moved to Michigan specifically for this job and has incurred and will continue to incur unexpected expenses; and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, Plaintiff Gladys Luckett demands judgment against the Defendant Moeller, as follows:

A. For compensatory damages and general damages according to proof at trial;

B. For lost wages and benefits, past and future, in whatever amount she is found to be entitled;

C. Punitive and exemplary damages;

D. For attorney's fees pursuant to statute and costs of suit;

E. Prejudgment interest on all amounts claimed; and

F. Such other and further relief as the Court deems just and proper.

**COUNT II**
**VIOLATION OF TITLE VII DISCRIMINATION BASED UPON RACE**
**ALL DEFENDANTS**

31. Plaintiff repeats and realleges the preceding allegations contained in the above paragraphs and incorporates the same by reference as though set forth fully herein.

32. Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment practices and specifically 42 U.S.C.A. § 2000e-2 provides pertinent part:

   **"(a) Employer practices**

   It shall be an unlawful employment practice for an employer-To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to s/he compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

33. Plaintiff, at all times pertinent to this complaint, was a resident within the venue and jurisdiction of this judicial court as was within the protected race group (Black) as provided by the Title VII.

34. The Defendant at all times relevant to this complaint, operated and did business within the venue and jurisdiction of this judicial circuit.

35. During the course of her employment the Plaintiff came under the supervision of Defendants, who subjected Ms. Luckett to differential terms and conditions of employment because of her race.

36. Specifically, Defendants repeatedly questioned Ms. Luckett's abilities after hiring her, such as the ability to hire new employees and to create processes. Additionally, they equated her to the stereotypes commonly associated with black women when they treated her like a hostile criminal upon her termination, having her escort out even though she was calm and left willingly.

37. The Defendant Moeller's conduct as previously alleged at length herein and as described in the Charge of discrimination attached to the Compliant constitutes discrimination based upon race in direct violation of Title VII.

38. As a result of Defendants discriminatory conduct, Plaintiff has been damaged in her career and to her person and has otherwise suffered monetary damages.

WHEREFORE, Plaintiff Gladys Luckett, respectfully requests this Court to order a judgment against the Defendant, Moeller, as follows:

A. Back pay and related entitled benefits, in whatever amount the jury find necessary in excess of the statutory limits; in addition to punitive or exemplary damages plus costs, interests and attorney fees, as allowed by statutes, plus compensatory damages and an award of costs, interests, and attorney fees.

B. For such other and further relief, as is just and equitable.

Respectfully submitted,

TAYLOR LAW FIRM, PLLC


By:     **/s/Alexandria J. Taylor**
        ALEXANDRIA J. TAYLOR (P75271)
        Attorneys for Plaintiff
        19 Clifford Street, Fl 8
        Detroit, MI 48226
        Ph: (313) 960-4339 / Fax: (313) 422-0934
        ataylor@taylawfirm.com


Dated: October 27, 2019

## DEMAND F O R JURY TRIAL

NOW COMES the Plaintiff, Gladys Luckett, by and through her attorneys, Alexandria J. Taylor and Taylor Law Firm, PLLC, and hereby makes a demand for a trial by jury in the above entitled matter.

Respectfully submitted,

TAYLOR LAW FIRM, PLLC

By: **/s/Alexandria J. Taylor**
ALEXANDRIA J. TAYLOR (P75271)
Attorneys for Plaintiff
19 Clifford Street, Fl 8
Detroit, MI 48226
Ph: (313) 960-4339 / Fax: (313) 422-0934
ataylor@taylawfirm.com

Dated: October 27, 2019