UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLADYS LUCKETT,

    Plaintiff,

v.

Case No. 19-13173

HON. MARK A. GOLDSMITH

MOELLER MANUFACTURING
COMPANY, INC., et al.,

    Defendants.
_____/

**<u>ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE (Dkt. 9)</u>**

This matter is before the Court on Defendants Moeller Manufacturing Company, Inc. ("Moeller"), Dave Davidson, Geoff Bruce, and John Chrisman's motion to transfer venue in the present action to the United States District Court for the Western District of Michigan. Though Defendants filed their motion on December 9, 2019, Plaintiff Gladys Luckett has not filed a response. Because oral argument will not assist in the decisional process, the motion will be decided based on the parties' briefing. <u>See</u> E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons that follow, the Court grants Defendants' motion and orders that the action be transferred to the United States District Court for the Western District of Michigan.

Under 28 U.S.C. § 1404(a), a court may transfer a civil action "to any other district or division where it might have been brought . . . ." Courts are afforded wide discretion to transfer actions under § 1404(a) "in order to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." <u>Helder v. Hitachi Power Tools, USA Ltd.</u>, 764 F. Supp. 93, 95-96 (E.D. Mich. 1991). In making its determination, a court must consider whether "(1) the action could have been brought in the proposed transferee court; (2) a transfer would serve the interests of justice; and (3) a transfer would serve the convenience of the parties and witnesses." <u>Thomas v. Home Depot, U.S.A.</u>,

1

Inc., 131 F. Supp. 2d 934, 936 (E.D. Mich 2001). Other relevant factors include "the location of relevant documents and relative ease of access to sources of proof" and "the locus of the operative facts." Overland, Inc. v. Taylor, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000). Federal courts have considered the convenience of witnesses to be "[p]robably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C. § 1404(a)." McNic Oil & Gas Co. v. Ibex Res. Co., 23 F. Supp. 2d 729, 738 (E.D. Mich. 1998).

This action arises from Luckett's employment by Moeller, an aerospace parts supplier, at its facility located in Harbor Springs, Michigan. Compl. ¶ 9. According to Luckett, Defendants discriminated and retaliated against her on the basis of race, in violation of Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act, resulting in the termination of her employment. See generally Compl. (Dkt. 1). Defendants have supplied evidence demonstrating that during the course of Luckett's employment, she lived in an apartment located in Petoskey, Michigan, which was paid for by Moeller. Bruce Aff. ¶ 5, Ex. A to Defs. Mot. (Dkt. 9-2); Offer Letter, Ex. B to Defs. Mot. (Dkt. 9-3). Luckett worked with personnel at the Harbor Springs facility and reported to Davidson, the plant manager of that facility. Davidson Aff. ¶¶ 1-3, Ex. C to Defs. Mot. (Dkt. 9-4). According to Defendants, the decision to terminate Luckett's employment was made by Davidson and Christman, Moeller's director of quality, after Christman learned at a May 24, 2019 meeting that Luckett was not ensuring that parts had passed final inspection. Christman Aff. ¶¶ 1-4, Ex. D to Defs. Mot. (Dkt. 9-5).

Title VII contains the following venue provision:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . .

2

42 U.S.C. § 2000e-5(f)(3). The allegedly unlawful employment practice at issue in the present action is the termination of Luckett's employment, which took place in Harbor Springs, Michigan, located in the Western District of Michigan. Accordingly, venue would have been proper in the Western District had Luckett initiated the action there.

The Court finds the interests of justice would be served if the present litigation were transferred to the Western District of Michigan. First, it is clear that the locus of operative facts took place in Harbor Springs, in the Western District. Luckett lived and worked in the Western District during her employment with Moeller, and the events that triggered her ultimate discharge took place in the Western District. Significantly, with the exception of Luckett, all potential witnesses reside in the Western District of Michigan, including Davidson, Moeller personnel with whom Luckett worked, and personnel who were present at the May 24, 2019 meeting with Christman. See Davidson Aff. ¶ 2-3; Christman Aff. ¶ 5. Finally, all records relating to Luckett's employment and to Moeller's quality control practices are likely to be located at the Harbor Springs facility in the Western District of Michigan. Davidson Aff. ¶ 4. Given that the events at issue transpired in the Western District and that all relevant documents and witnesses are located in the Western District, transfer of the present action to the Western District is warranted.

Consequently, the Court grants Defendants' motion to transfer venue and orders that the present action be transferred to the United States District Court for the Western District of Michigan.

SO ORDERED.

Dated: January 13, 2020  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge